# CIRCUIT COURT OF BALTIMORE CITY

Filed June 26, 1893.

THORBURN

VS.

RUTTER ET. AL.

*Thomas Hughes* for plaintiff.

*M. W. Audoun* and *Adrian Hughes* for defendants.

DENNIS, J.—

The question of the validity of the exceptions to the ratification of the sales made in this case depends upon the construction of a certain deed, executed in 1854, by Jabez M. Gill, now deceased, to Christopher H. Gill and his heirs, in trust, for the grantor for life, and after his death upon the following trusts, viz: "In trust for his two daughters, Christiana H. Gill and Sophia H. Gill, during the terms of their natural lives, to be equally divided between them, share and share alike," * * * "and from and after the death of the said Christiana H. Gill and Sophia H. Gill, their respective portions in trust for the child or children of the said Christiana H. Gill and Sophia H. Gill, their heirs and assigns. But in case either the said Christiana H. Gill, or the said Sophia H. Gill, shall depart this life without issue living, the part or share of her so dying shall descend to the survivor of them; and in case the said Christiana H. Gill and Sophia H. Gill shall both depart this life without issue living, then to the use, benefit and behoof of the right heirs of the said Christiana H. Gill and Sophia H. Gill and their assigns absolutely."

The grantor, Jabez M. Gill, died, leaving the said Christiana and Sophia surviving, besides several other children and grandchildren, none of the latter being made parties to the suit.

Christiana intermarried with Rutter, and has died leaving several children,

all of whom are parties to the case. Sophia intermarried with Miller, is still living but has no issue.

The property has been sold under a bill filed for partition, and exceptions to the ratification of the sales have been filed, because proper parties have not been made to the suit.

It seems to me clear that the deed having been executed prior to the Act of 1856, and no words of inheritance being used, under its limitations, Mrs. Miller acquired as to the one-half of the property still outstanding in her only a life estate. If, therefore, she should have children, they would take and would not be bound by this decree; if she should die without children, the estate would revert to the heirs of the grantor, all of whom have not been made parties to the case.

In neither event, would the purchasers get a good title to the property, and I will therefore sign an order sustaining the exceptions.

# ORPHANS' COURT OF BALTIMORE CITY

Filed July 14, 1893.

Argued before Lindsay, Gans and Edwards, JJ.

Opinion of Judges Lindsay and Edwards.